**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **WILLIAM BEVAN** | * | |
| | * | |
| **v.** | * | **Civil Case No. PWG-15-1803** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\***

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).   I have considered both parties' filings, which include Mr. Bevan's motion for summary judgment (attaching a letter his prior attorney wrote to the Appeals Council addressing issues in his case), the Commissioner's motion for summary judgment, and Mr. Bevan's opposition.   [ECF Nos. 17, 21, 25].   This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed.   42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).   I find that no hearing is necessary.   *See* Loc. R. 105.6 (D. Md. 2014).   For the reasons set forth below, I recommend that the Commissioner's motion be granted.

Mr. Bevan protectively filed his application for Disability Insurance Benefits ("DIB") on June 9, 2011, alleging a disability onset date of July 2, 2010.   (Tr. 161-63).   His application was denied initially and on reconsideration.   (Tr. 86-89, 97-98).   After a hearing on January 22, 2014, an Administrative Law Judge ("ALJ") issued an opinion awarding benefits as of May 25, 2011, but denying benefits prior to that date.   (Tr. 18-37, 38-59).   Mr. Bevan appealed the decision, alleging that benefits should have been awarded beginning July 2, 2010.   (Tr. 14).   The Appeals

Council denied review, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1-6).

In relevant part, the ALJ found that, before May 25, 2011, Mr. Bevan suffered from the severe impairments of obesity, cervical degenerative disc disease, cervicalgia, cervical disc displacement without myelopathy, C4-5 and C6-7 disc herniations with foraminal stenosis, and lumbar degenerative disc disease with radiculopathy, facet arthropathy, and disc desiccation. (Tr. 24). Despite these impairments, the ALJ determined that, prior to May 25, 2011, Mr. Bevan retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except: the claimant can occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk about 6 hours in an 8-hour workday; sit for a total of about 6 hours in an 8-hour workday; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; he must avoid even moderate exposure to hazards; he requires the ability to alternate between sitting and standing at will; and he requires the use of a cane while walking.

(Tr. 26). The ALJ further determined that Mr. Bevan was not capable of performing his past relevant work as a computer technician, but that he had readily transferable skills to light work which would allow him to perform the jobs of computer operator, computer systems manager, and information systems. (Tr. 31). Alternatively, the ALJ found that Mr. Bevan could perform other jobs existing in the national economy. (Tr. 31-32). Accordingly, the ALJ concluded that Mr. Bevan was not disabled until May 25, 2011. (Tr. 32).

Because Mr. Bevan appears *pro se,* I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3)

determining from the evidentiary record whether substantial evidence supports the ALJ's findings). I have particularly considered the arguments Mr. Bevan raised in his filings, which include the letter brief that his former counsel submitted to the Appeals Council on his behalf. [ECF Nos. 17, 25].[1]

The function of this Court is not to review Mr. Bevan's claims *de novo* or to reweigh the evidence of record. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g) and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this Court is to determine whether, upon review of the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Coffman*, 829 F.2d at 517; *see also* 42 U.S.C. § 405(g). While there may be substantial evidence in the record that would support a finding of disability, in addition to substantial evidence refuting such a finding, this Court should not disturb the ALJ's conclusion so long as it is one of the conclusions supported by substantial evidence. For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Bevan's favor at step one, and determined that he did not engage in substantial gainful activity after his alleged onset date of July 2, 2010. (Tr. 24); *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Mr. Bevan claimed prevented him from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that several of Mr. Bevan's alleged impairments were severe. (Tr. 24-26). The ALJ further determined that Mr. Bevan's diabetes, sleep apnea, and hypertension were non-severe prior to May 25, 2011, although they became

---

[1] Mr. Bevan's court filing did not include page 5 of his attorney's original letter. [ECF No. 17]. However, the attorney's letter is included elsewhere in the record, and I have therefore considered it in its entirety, including page 5. (Tr. 226).

severe on and after that date. (Tr. 25).  The ALJ also found attention deficit disorder, restless leg syndrome, a staph infection, hyperlipidemia, erectile dysfunction, hypogonadism, wrist pain, and chronic pain disorder to be non-severe.  (Tr. 25-26).  The ALJ appropriately considered all of Mr. Bevan's impairments, both severe and non-severe, in the RFC assessment.

At step three, the ALJ determined that, prior to May 25, 2011, Mr. Bevan's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings.  (Tr. 26).  The ALJ specifically identified Listing 1.04 (disorders of the spine), and cited to record evidence to support his conclusions that Mr. Bevan did not meet at least one of the criteria for each subsection of that listing.  *Id.*

In considering Mr. Bevan's RFC assessment prior to May 25, 2011, the ALJ summarized his subjective complaints of disabling back and neck pain, in the context of his activities of daily living and medical records during that time frame.  (Tr. 27-29).  The ALJ determined that Mr. Bevan's subjective complaints were not entirely credible.  (Tr. 27).  The ALJ acknowledged that Mr. Bevan's strong work history bolstered his credibility, but noted that he had not tried and failed lighter work.  (Tr. 27).  The ALJ also noted that the record was replete with indications that conservative treatment measures had been helpful for Mr. Bevan and that he repeatedly considered returning to work prior to May 25, 2011.  *Id.*  The ALJ also cited the fact that medical records, prior to May 25, 2011, note activities such as international travel, exercise, and participation in recreational activities.  (Tr. 28-29); *see, e.g.* (Tr. 342) (Mr. Bevan reporting on March 23, 2011 that he "has been out of the country again and this has limited further treatment.").  The ALJ thus provided a thorough credibility analysis, explaining his reasons for discounting Mr. Bevan's complaints of disability prior to May 25, 2011.

It is further worth noting that the record provides an evidentiary basis for the selection of May 25, 2011 as the onset date.  Mr. Bevan saw his treating nurse practitioner, Kathleen Prussian, on that date, and reported increased neck and back pain after an unspecified "fall."  (Tr. 333-34).  Mr. Bevan noted that he is "unable to work, perform household chores, shop, socialize, participate in recreational activities and exercise," *Id.*, which was a change from earlier reports in which he reported being "able to go to work." *See, e.g.*, (Tr. 337, 339, 341).  Nurse Prussian also noted, for the first time on May 25, 2011, that Mr. Bevan suffered from "lower extremity edema which appears to be venous stasis." *Id.*  Thus, the ALJ chose a date on which the record evidenced a marked change in Mr. Bevan's medical condition.

In assessing Mr. Bevan's RFC, prior to May 25, 2011, the ALJ considered all of the opinion evidence in the record, providing substantial evidence in support of the weight he accorded each opinion.  The ALJ assigned "little weight" to the opinion of the physical therapist who completed a functional capacity examination in November, 2011, since the report noted "sub-maximal effort, inconsistent behaviors, and out of proportion complaints."  (Tr. 29).  The ALJ also assigned "little weight" to the October, 2013 opinion rendered by Dr. Glenn Babus, Mr. Bevan's pain management provider, who stated that Mr. Bevan was totally disabled "at this time."  (Tr. 29).  The ALJ did not err in assigning little weight to that opinion as it pertained to the period prior to May 25, 2011, since the opinion makes no reference to the duration of the disability.  The ALJ also assigned "great weight" to the consultative examiner who saw Mr. Bevan in May, 2012 and to the opinions of the State agency medical consultants.  (Tr. 29).  The ALJ's RFC assessment essentially mirrored the opinions of those physicians, although the ALJ also credited Mr. Bevan's testimony that he required use of a cane during that time frame. *Id.*

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Bevan's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although some of the opinion evidence supporting disability came from Mr. Bevan's treating sources, the ALJ provided a thorough explanation of the reasons for assigning those opinions lesser weight. Moreover, while State agency physicians submitted their opinions before the entire record was complete, the timing does not diminish the value of those opinions, since they were submitted after the date in question in this appeal, May 25, 2011, and reflected a full consideration of all records in existence prior to that date. After reviewing the entire record, I find that the ALJ's RFC determination was supported by substantial evidence, because the treatment records, the medical opinions from the State agency physicians and consultative examiner, and the testimony regarding Mr. Bevan's activities of daily living provide ample support for the conclusions drawn by the ALJ.

Mr. Bevan also contends that the opinion lacked detail as to the "amount of time required to change positions in light of the option to sit/stand at will included in the RFC." Pl. Mot. at 4. Because the "at will" option provides Mr. Bevan with the maximum flexibility in terms of position and allows unlimited changes throughout the workday, no additional specificity is required. Mr. Bevan also contests the lack of a reaching and handling limitation in the RFC assessment, Pl. Mot. at 6, but no such limitation is suggested by the medical sources upon which the ALJ relied.

Finally, at step four, the ALJ found that Mr. Bevan was unable to perform his past relevant work as a computer technician, but that he had readily transferable skills that would allow him to perform other jobs. (Tr. 31). Specifically, the ALJ cited the transferable skills of "computer knowledge, configuration, trouble shooting [*sic*], setting up computer systems, and coordinating installation of peripherals." *Id.* Although that finding does not appear erroneous in any respect, alternatively, the ALJ also found that Mr. Bevan was capable of performing unskilled light work that did not require transferable skills. *Id.* Mr. Bevan turned 54 years old on May 25, 2011, and thus was not in a "borderline age range" as of that date, since he was nearly a year away from turning 55. *See* 20 C.F.R. § 404.1563(b) (requiring additional analysis only where a claimant is "within a few days to a few months of reaching an older age category."). Thus, the ALJ appropriately applied the Medical-Vocational Guidelines and considered the testimony of the VE to find Mr. Bevan capable of a reduced range of light, unskilled work.

Mr. Bevan argues that the ALJ lacked substantial evidence regarding the availability of jobs permitting him a sit/stand option and the use of his cane. However, the ALJ expressly relied upon the VE's testimony, which was reasonable in light of the VE's extensive experience and expertise. (Tr. 44, 57). Mr. Bevan further contends (through the letter submitted by his attorney) that he was not afforded an opportunity to cross-examine the VE. (Tr. 226). However, at the conclusion of the VE's testimony, Mr. Bevan's counsel was asked whether he had anything further, and only presented an argument to the ALJ without requesting an opportunity to question the VE. (Tr. 58). Accordingly, there was no error in the process afforded Mr. Bevan at his hearing. The ALJ's determination was supported by substantial evidence, and I recommend that this Court affirm as to the window between the alleged onset date and May 25, 2011.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 17], GRANT Defendant's Motion for Summary Judgment, [ECF No. 21]; AFFIRM the decision of the Commissioner pursuant to 42 U.S.C. § 405(g); and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  July 1, 2016                                    _____/s/_____
                                                                Stephanie A. Gallagher
                                                                United States Magistrate Judge